UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 FEB -8 PM 3: 37

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| JOHN G. F. RUGGIERI-LAM and MARIA L. FREDDURA, )<br><br>Plaintiffs, )<br><br>v. )<br><br>OLIVER BLOCK, LLC, )<br><br>Defendant. ) | Case No. 5:15-cv-144 |

**OPINION AND ORDER RE:**
**PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**
**(Doc. 44)**

Plaintiffs John G. F. Ruggieri-Lam and Maria L. Freddura move to dismiss this action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 44.) For the reasons that follow below, Plaintiffs' Motion to Dismiss Without Prejudice is GRANTED.

**I.     Background**

On June 23, 2015, Plaintiffs brought this diversity action against defendant Oliver Block, LLC for anticipatory breach of contract arising out of negotiations for the sale of Defendant's commercial building in Woodstock, Vermont ("the property"). On July 30, 2015, the court denied Plaintiffs' Petition for Writ of Attachment. (Doc. 17.) Plaintiffs, in conjunction with two additional non-diverse parties, recently filed an action in state court against Defendant based upon the same subject matter and legal issues.[1]

---

[1] The state court plaintiffs are Accordion, LLC ("Accordion") and Stonewall of Woodstock Corp. ("Stonewall"). Plaintiffs assigned their interest in the property to Accordion, a Vermont limited liability company. Stonewall, a Vermont corporation, is the primary tenant of the property. The state court Defendants are Oliver Block, a Vermont limited liability company, and Stardust 11TS, LLC ("Stardust"), a New York limited liability company that is currently asserting title to the property and ownership of the lease. (Doc. 44-4.)

1

Plaintiffs seek voluntary dismissal of the instant action so that all disputes related to the property can be resolved in a single proceeding. Due to incomplete diversity, Accordion and Stonewall's claims arising out of the same contractual dispute could only be brought in state court. Plaintiffs allege that these additional parties are necessary for complete relief. Plaintiffs also submit that their state court complaint asserts new legal theories that present unsettled questions of state law and are more appropriately addressed before the state court. Finally, Plaintiffs contend that Defendant will not suffer substantial prejudice if the instant action is dismissed given the relatively early stage of the proceedings.

Defendant opposes the motion, arguing that: (1) the case is at a late stage of pre-trial proceedings and Defendant will suffer prejudice if it is dismissed; (2) Plaintiffs' need to dismiss is inadequate; and (3) Plaintiffs' true motivation is to avoid an imminent adverse ruling.

## II.   Analysis

Once an opposing party has filed an answer, a case may only be dismissed on motion and order of the court. *See* Fed. R. Civ. P. 41(a)(2). "A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citation omitted); *see Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted) ("the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result").

"Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The first line "indicates that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (internal quotation marks and citation omitted). This prejudice typically arises in cases where a defendant is trying to protect his "right to pursue an existing counterclaim in the same action that a plaintiff is trying to withdraw." *Camilli*, 436 F.3d at 124. Here, Defendant has not demonstrated any such prejudice.

The second line of authority requires consideration of various factors in determining whether a defendant will suffer prejudice. These include: (1) "the plaintiff's diligence in

bringing the motion"; (2) "any 'undue vexatiousness' on plaintiff's part"; (3) "the extent to which the suit has progressed"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (citations omitted).

All of the *Zagano* factors weigh in favor of a dismissal without prejudice. The pending motion was filed less than six months after the case commenced and promptly after substitute counsel was retained. There is no evidence that Plaintiffs have acted vexatiously. The suit has progressed towards trial, but remains in the early stages of discovery. No depositions have been taken, no dispositive motions have been filed, and no trial date has been scheduled. The ENE session has not yet occurred. There is very little threat of duplicative relitigation expenses, as the discovery that has occurred, an exchange of initial disclosures and Defendant's response to one set of requests to produce, will apply equally to the state court proceeding. *See Manners v. Fawcett Publ'ns, Inc.*, 85 F.R.D. 63, 65 (S.D.N.Y. 1979) (granting voluntary dismissal where case was one year old and discovery that had occurred would be relevant and useful in second litigation); *contrast Zagano*, 900 F.2d at 14 (voluntary dismissal properly denied where case had been pending for over four years, "extensive discovery had taken place," and motion filed when trial was less than ten days away and counsel had expended great resources in preparation).

The court is also convinced by the adequacy of Plaintiffs' explanation for the need to dismiss, particularly that complete relief is not available here as the case currently stands. There is no reason why there should be two cases with the same subject matter and legal issues pending before two different courts.

For the reasons stated above, Plaintiffs' Motion to Dismiss Without Prejudice (Doc. 44) is GRANTED.

Dated at Rutland, in the District of Vermont, this 8th day of February, 2016.

_____
Geoffrey W. Crawford, Judge
United States District Court